UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MCCLELLEN ADKINS,

      Plaintiff,

v.                                  Case No.:  2:24-cv-199-SPC-KCD

CHARLOTTE C.I., NOE,
CENTURION MEDICAL and
F.D.O.C. TALLAHASSEE,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kenneth McClellen Adkins' Complaint for Violation of Civil Rights (Doc. 1). Adkins is a prisoner of the Florida Department of Corrections. A United States Magistrate Judge granted Adkins leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

Adkins files his Complaint under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Adkins is representing himself in this action.  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find

a claim. See *Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Adkins asserts a deliberate indifference claim, but the Complaint does not include enough detail to state a plausible claim. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

The entirety of Adkins' factual allegations are: "I was & have been denied Hep C treatment mandated by federal courts[,]" which caused "further deterioration of liver & bodily health." (Doc. 1 at 5). That is not enough to state a plausible deliberate-indifference claim. Adkins must allege facts that

3

establish each of the elements identified above. It is not enough for Adkins to allege that he was harmed—he must allege facts showing that each defendant violated his rights. And Adkins must state his factual claims in separate, numbered paragraphs. *See* Fed. R. Civ. P. 10.

To continue this action, Adkins must file an amended complaint that states a plausible deliberate-indifference claim and satisfies federal pleading standards.

Accordingly, it is now

**ORDERED:**

Plaintiff Kenneth McClellen Adkins' Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**. Adkins may file an amended complaint by **May 3, 2024**. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4