UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MCCLELLEN ADKINS,

    Plaintiff,

v.                                                                                      Case No.: 2:24-cv-199-SPC-KCD

CHARLOTTE C.I., NOE,
CENTURION MEDICAL and
F.D.O.C. TALLAHASSEE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kenneth Adkins' Second Amended Complaint (Doc. 18). Adkins is a prisoner of the Florida Department of Corrections (FDOC) and filed this 42 U.S.C. § 1983 action *pro se*. On May 13, 2024, the Court dismissed Adkins' first amended complaint for failure to state a claim and gave him leave to file a second amended complaint within 21 days. Because the Court had not received a second amended complaint by June 21, 2024, it entered judgment and closed this case. But later that day, the Clerk docketed Adkins' Second Amended Complaint, which he delivered to prison

officials for mailing—and thus constructively filed—on May 21, 2024.[1] The Court will set aside the judgment and reopen the case.

Because Adkins is litigating this action *in forma pauperis*, the Court must screen this complaint under 28 U.S.C. § 1915(e)(2), as it did Adkins' two prior complaints. Adkins' Second Amended Complaint names four defendants, but it only states a plausible claim against Dr. Noe. Adkins alleges Dr. Noe violated his Eighth Amendment rights by refusing to treat his diagnosed case of Hepatitis C. The Court finds that claim sufficient to survive preliminary review, though Noe is still free to challenge it in a motion to dismiss.

Adkins' remaining claims fail for two reasons. First, the claims against Charlotte C.I. and the FDOC are based on officials' denial of grievances. A prison grievance procedure does not create a protected liberty interest, so Adkins has no federal constitutional right within that procedure. *See Charriez v. Sec'y, Dep't of Corr.*, 596 F. App'x 890, 896 (2015).

Second, Adkins has not stated sufficient facts to hold a governmental agency—or an entity like Centurion that performs governmental functions under contract with the state—liable under § 1983. Governmental agencies cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Sec. of City of New York*, 436 U.S. 658, 691 (1978). Rather, a

---

[1] The Court notes that the USPS stamped the envelope on May 23, 2024, so prison officials were not responsible for the mailing delay.

plaintiff must prove the agency itself caused him injury by showing: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Adkins does not allege that Charlotte C.I., the FDOC, or Centurion have a custom or policy that caused a violation of his constitutional rights. The Court will dismiss the claims against those defendants.

Accordingly, it is now

**ORDERED:**

(1) The Court **VACATES** its June 21, 2024 Endorsed Order (Doc. 15) and **SETS ASIDE** the Judgment (Doc. 16). The Clerk is **DIRECTED** to reopen this case.

(2) Adkins' claims against Charlotte C.I., the FDOC, and Centurion Medical are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate them as parties to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 25, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3