UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH MCCLENNEN ADKINS,

    Plaintiff,

v.                      Case No.:   2:24-cv-199-SPC-KCD

GILBERT NOE,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Gilbert Noe's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28).

Plaintiff Kenneth McClennen Adkins is a Florida Department of Corrections (FDOC) prisoner. He sues Dr. Gilbert Noe for deliberate indifference to serious medical need in violation of the Eighth Amendment.[1] Noe argues Adkins fails to state a claim and moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Adkins also sued the FDOC, Charlotte Correctional Institution, and Centurion Medical, but the Court already dismissed those claims. (*See* Doc. 19).

The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Adkins filed this action under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Adkins is representing himself in this action.  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim.  *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

The Supreme Court held in *Estelle v. Gamble* "that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted).  But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  *Id.* at 105.  "To establish a § 1983 claim for deliberate indifference, a plaintiff must show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal quotation marks and citation omitted).  In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'"  *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifferent, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.*

Adkins claims Noe has refused to treat and cure his Hepatitis C virus (HCV) infection in violation of the Eighth Amendment and *Hoffer v. Inch*, 382 F. Supp. 3d 1288 (N.D. Fla. 2019). Adkins describes his condition as stage F0, which refers to the severity of the liver damage caused by the infection. The *Hoffer* district court explained:

> The principal consequence of HCV infection is infection of the liver, which causes inflammation that in turn may result in scarring of the liver (fibrosis). The amount of liver scarring a patient has is usually measured on the METAVIR scale. On this scale, a person can be classified F0 (no fibrosis), F1 (mild fibrosis), F2 (moderate fibrosis), F3 (sever fibrosis), or F4 (cirrhosis).

*Hoffer*, 382 F. Supp. 3d at 1300 (N.D. Fla. 2019) (cleaned up).

In *Hoffer*, a class of FDOC inmates claimed the FDOC systematically failed to adequately treat HCV infections. The trial court agreed and entered a permanent injunction requiring the FDOC to revise its policy on treatment

of HCV. Relevant here, the court found the existing FDOC policy of merely monitoring inmates with fibrosis scores of F0 and F1 instead of prescribing costly direct-acting antivirals (DAAs) was per se deliberate indifference. *Id.* at 1302. The court's injunction required the FDOC to treat F0 and F1 inmates with DAAs within two years of staging. *Id.* at 1316.

The Eleventh Circuit reversed the district court's decision. It held that the FDOC's existing "treatment plan—pursuant to which they monitor all HCV-positive inmates, including those who have yet to exhibit serious symptoms, and provide DAAs to anyone who has an exacerbating condition, shows signs of rapid progression, or develops even moderate fibrosis—satisfies constitutional requirements." *Hoffer v. Sec'y, Dep't of Corr.*, 973 F.3d 1263, 1266 (11th Cir. 2020). The Eleventh Circuit specifically rejected the district court's determination that the Eighth Amendment required the FDOC to provide DAA treatment to all inmates with F0- and F1-stage HCV infections. *Id.* at

Adkins' claim relies entirely on the defunct *Hoffer v. Inch* decision. The record shows that Adkins has insisted for years that *Hoover v. Inch* entitles him to immediate treatment of his HCV infection. For his benefit, the Court will be clear: *Hoffer v. Inch* is not law. To learn about his rights as a prisoner with a HCV infection, Adkins should review the Eleventh Circuit's decision, *Hoffer v. Sec'y, Dep't of Corr.*, 973 F.3d 1263 (11th Cir. 2020). Adkins does not

5

allege Noe has strayed from the policy the Eleventh Circuit approved or otherwise acted with deliberate indifference to a serious medical need. Adkins acknowledges his F0 score—meaning he has no fibrosis—and exhibits attached to his original complaint suggest the health care staff is continuing to monitor his illness and re-stage the infection at least annually.

Adkins's Amended Complaint does not state an Eighth Amendment claim, so the Court will dismiss the action without prejudice and close the case. If FDOC medical staff stops monitoring Adkins' illness, does not properly react to a change in Adkins' condition, or otherwise fails to follow the policy approved by the Eleventh Circuit in *Hoffer v. Sec'y, Dep't of Corr.*, Adkins may file a new action.

Accordingly, it is now

**ORDERED:**

Defendant Gilbert Noe's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) is **GRANTED**. This action is **DISMISSED without prejudice** for failure to state a claim. The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record